UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANTHONY MELIKHOV, MELMAR
HOLDINGS, LLC and U4G GROUP, LLC,
an individual,

      Plaintiffs,

v.                             Case No.:  2:19-cv-248-FtM-99MRM

LADISLAV DRAB, CE GROUP, CESKA
ENERGIE, CESKA PLYNARESKA,
NAPLES ENERGY, LLC, HANA
DRABOVA and CZECH ENERGY USA,
LLC,

      Defendants.

_____/

**REPORT AND RECOMMENDATION AND CERTIFICATION OF FACTS**

      Pending before the Court is Anthony Melikhov, Melmar Holdings, LLC, and U4G

Group, LLC's Notice of Motion and Motion for Contempt and Sanctions Against Nonparties

Hana Drabova, Naples Energy, LLC, and Czech Energy U.S.A., LLC to Compel Compliance

with Subpoenas to Produce Documents in Aid of Execution, filed on February 13, 2019.  (Doc.

4).  Following two Show Cause Hearings, the Undersigned certifies the following facts pursuant

to 28 U.S.C. § 636(e)(6)(B)(iii) and recommends that the Motion for Contempt and Sanctions be

**GRANTED**.

**I.**      **Certification of Facts**

      This action involves the registration of a foreign judgment, and the Judgment Creditors

seek compliance with subpoenas to produce documents in aid of execution of the judgment.  (*See*

Docs. 1, 4).  In November 2018, the Judgment Creditors served nonparties Hana Drabova,

Naples Energy, LLC, and Czech Energy, LLC ("Nonparties") with subpoenas to produce

documents in aid of execution of the judgment (Doc. 1) registered in this Court on September 6, 2018.  (*See* Docs. 4-4 – 4-5).  The Judgment Creditors and counsel for the Nonparties conferred from November 2018 to February 2019 in an effort to resolve discovery disputes.  (*See* Doc. 4 at 10-13).  Ultimately, the parties were unable to resolve the disputes, and the Judgment Creditors filed the subject Motion for Contempt pursuant to Fed. R. Civ. P. 45(g), a related request for Judicial Notice in support thereof, and various other supporting materials.  (Docs. 4; 4-1 – 4-6).

The Judgment Creditors seek an order finding the Nonparties in contempt for their failure to comply with the document subpoenas, compelling the Nonparties to produce the requested documents, imposing sanctions against the Nonparties for their pro rata share of the Judgment Creditors' attorneys' fees and costs incurred in bringing the Motion, and warning the Nonparties that failure to comply with the order may result in additional sanctions, "including civil fines, attorneys' fees and costs, evidentiary sanctions, issues sanctions, and other appropriate remedies available to the Court to compel compliance," and taking judicial notice of certain proffered court filings and public records in connection with the foregoing.  (Doc. 4 at 5-6).

Upon the Nonparties' failure to file a response to the Motion for Contempt, the Judgment Creditors filed a Notice of Non-Receipt of Opposition, (Doc. 5), and the Court entered a Show Cause Order ("First Show Cause Order") on March 11, 2019, (Doc. 6).  The Court found that the Judgment Creditors had adequately shown that the Nonparties were served with the subpoenas but had failed to respond.  (*Id.* at 3).  The Court took the Motion for Contempt under advisement and ordered the Nonparties to comply with the subpoenas and file and serve a written response to the Motion for Contempt, the Request for Judicial Notice, and the Notice of Non-Receipt of Opposition.  (*Id.* at 4).  The Court further ordered the Nonparties to show cause in writing (1) why the Motion, Request for Judicial Notice, and Notice of Non-Receipt of Opposition should

not be granted in their entirety and (2) why a finding of contempt and order imposing sanctions should not be imposed against the Nonparties based on their failure to timely comply with the subpoenas and their failure to timely respond to the Judgment Creditors' Motion and Request for Judicial Notice.  (*Id.*).  Furthermore, the Court scheduled a show cause hearing to occur on April 17, 2019 and ordered Nonparty Drabova to appear in person along with any counsel entering an appearance on her behalf.  (*Id.*).  The Court required the Judgment Creditors to cause the Nonparties to be personally served pursuant to Fed. R. Civ. P. 4(c) with a copy of the First Show Cause Order, the Motion for Contempt, and the related filings.  (*Id.* at 5).  The Court warned the Nonparties that any failure to comply with the Order could result in the Undersigned recommending that they each be found in contempt and that sanctions be imposed against them, which could include an award of fees and costs to the Judgment Creditors, other monetary penalties deemed necessary to secure compliance, and/or the issuance of an arrest warrant to ensure compliance.  (*Id.*).

On March 22, 2019, the Judgment Creditors filed a notice of compliance demonstrating that the materials the Court required to be personally served upon the nonparty subpoena recipients were, in fact, served.  (Doc. 8).  On April 4, 2019, attorney J. Christopher Lombardo submitted two notices of general appearance as counsel of record for all the Nonparties.  (Docs. 9, 13).  Although she did not sign either notice of appearance herself, attorney Lenore T. Brakefield filed one of the notices using her personal CM/ECF credentials, (*see* Doc. 9), and identified herself as co-counsel in the signature blocks of both of the filed notices, (*see* Doc. 9 at 1; Doc. 13 at 1).  The Court construed these jointly as notices of general appearance by both lawyers as co-counsel of record on behalf of the Nonparties and added the lawyers to CM/ECF and to the docket accordingly.

Also on April 4, 2019, attorney Brakefield purported to file via CM/ECF certain "responses" to the pending Motion for Contempt (Doc. 4) on behalf of each of the Nonparties. (Docs. 10-12).  These filings were not, in fact, genuine responses to the pending Motion.  (*Id.*).  Rather, they appeared to be much-belated written objections and responses to the subpoenas at issue.  (*See id.*).

On April 12, 2019, the Judgment Creditors filed a notice advising the Court that the Nonparties had failed to comply fully with the Court's First Show Cause Order by the deadline the Court imposed.  (Doc. 14).  Moreover, the Judgment Creditors explained that the Nonparties' objections and responses to the subpoenas, as well as their document productions, were improper and inadequate for a host of reasons.  (*Id.* at 2-3).

On April 17, 2019, the Court held the previously noticed show cause hearing.  (Doc. 15).  Counsel for the Judgment Creditors appeared in person at the hearing.  Counsel of record for the Nonparties failed to appear at the hearing, as ordered.  Nonparty Drabova also failed to appear in person at the hearing, as ordered.  Counsel for the Judgment Creditors moved the Court *ore tenus* to include the cost of his time, travel, and accommodations in the Judgment Creditors' existing demand for contempt and sanctions.  The Court granted the *ore tenus* motion on the record at the hearing.

The Court entered a Second Show Cause Order noting that the Nonparties had failed to comply with the Court's First Show Cause Order despite adequate service of that Order and the related filings.  (Doc. 16 at 3 (citing Docs. 6, 8)).  The Court again took the Motion for Contempt under advisement and ordered the Nonparties to comply with the subpoenas, file written responses to the Motion, the Request for Judicial Notice, Notice of Non-Receipt of Opposition, and the Notice of Noncompliance of the Nonparties.  (*Id.* at 4).  The Court again ordered the

Nonparties to show cause in writing (1) why the Motion, Request for Judicial Notice, Notice of Non-Receipt of Opposition, and Notice of Noncompliance by Nonparties should not be granted in their entirety and (2) why a finding of contempt and order imposing sanctions should not be imposed against the Nonparties for (i) their failure to timely comply with the subpoenas, (ii) their failure to timely respond to the Judgment Creditors' Motion, Requests for Judicial Notice, and Notice of Noncompliance by Nonparties, (iii) their failure to comply fully with the First Show Cause Order, and (iv) their failure to appear for the duly noticed hearing held on April 17, 2019. (*Id.* at 4-5).

The Court also scheduled a second show cause hearing to occur on May 6, 2019, ordering Nonparty Dabrova to appear in person and Nonparties Czech Energy, LLC, and Naples, Energy, LLC to appear through counsel of record. (*Id.* at 5). The Court warned Nonparty Drabova that her "in-person appearance at the hearing [would] not be excused for any reason short of a genuine medical emergency." (*Id.*). The Court warned that any failure by the Nonparties to comply with the Order would result in the Undersigned recommending that they each be found in contempt and that sanctions be imposed against them, including an award of fees and costs, other monetary penalties, and/or the issuance of an arrest warrant. (*Id.* at 6).

The Court also ordered attorneys J. Christopher Lombardo and Lenore T. Brakefield to appear in person at the hearing to show cause why sanctions should not be imposed against counsel and/or their law firm in addition to being imposed against the Nonparties based on counsel's failure to appear at the April 17 show cause hearing. (*Id.* at 5). The Court warned attorneys Lombardo and Brakefield that failure by them to appear in person for the second show cause hearing would result in the Undersigned recommending that sanctions be imposed against

them individually and/or against the law firm of Woodward Pires & Lombardo, P.A., including an award of fees and costs relating to the failed April 17, 2019 show cause hearing.  (*Id.* at 7).

On April 29, 2019, the Judgment Creditors filed a Notice of Compliance, notifying the Court that they personally served Nonparties Naples Energy, LLC, and Czech Energy U.S.A., LLC, but that their attempts to serve Nonparty Hana Drabova were unsuccessful.  (Doc. 21 at 1).

On April 30 and May 1, 2019, the Nonparties made numerous filings.  Each Nonparty filed Amended Objections and Responses to Subpoena for Production of Documents, which were identical in substance to their previous purported Responses, (*Compare* Docs. 22-24, *with* Docs. 10-12), a Notice of Non-Objection to Request for Judicial Notice (Doc. 27), and a Response to the Second Show Cause Order (Doc. 30).

The Nonparties also filed a Notice of Compliance with the subpoenas (Doc. 25), a Response in Opposition to the Motion for Contempt (Doc. 26), a Response to the Judgment Creditors' Notice of Non-Receipt of Opposition by Nonparties to Motion for Contempt (Doc. 28), and a Response to Judgment Creditors' Notice of Noncompliance with the Court's First Show Cause order (Doc. 29), all of which were nearly identical in substance.  (*See generally* Docs. 25-26, 28-29).  While these four filings purported to be the filings ordered by the Court, they were largely nonresponsive to the relevant issues.  The Undersigned addresses each document in turn.

First, the Notice of Compliance with the subpoenas stated that the Nonparties had previously filed their Objections and Responses to Subpoena for Production of Documents, (Doc. 25 at 2-3 (citing Docs. 10-12)), and that documents responsive to the subpoenas had been produced and provided to Plaintiffs on April 5, 2019, (*id.* at 3).  The Nonparties further stated that "[u]nfortunately, [the Nonparties' Objections and Responses to Subpoena for Production of

Documents] [were] mistakenly filed as a response to Plaintiffs' Notice of Non-Receipt of Opposition by Nonparties to Motion for Contempt and Sanctions against Nonparties Hana Drabova, Naples Energy, LLC and Czech Energy U.S.A., LLC to Compel Complaint with Subpoenas to Produce Documents in Aid of Execution [Doc. 5], when instead, it should have been filed as a response to the Notice of Motion and Motion for Contempt and Sanctions against Nonparties Hana Drabova, Naples Energy, LLC and Czech Energy U.S.A., LLC to Compel Compliance with Subpoenas to Produce Documents in Aid of Execution with Memorandum of Points and Authorities [Doc. 4]." (*Id.* at 2-3). The Nonparties claimed that "[t]his was a mistake made due to the confusing nature of Plaintiffs' repeated decision to file notices of motions in additions to the motions themselves as separate docketed papers." (*Id.*). However, the Nonparties' attempt at explaining this "mistake" in filing did little to clarify the alleged mistake. Although the Nonparties stated that these Objections and Responses to the subpoenas (Docs. 10-12) should have been filed as responses to the Motion, on their face, they were not responses to the Motion. (*See id.*). Rather, they were belated boilerplate objections to the subpoenas. Nor was the Nonparties' purported Response in Opposition to the Motion for Contempt an actual response to the Motion. (Doc. 26). Instead, the substance of this "Response" was inexplicably identical to the Notice of Compliance (Doc. 25). (*Compare* Doc. 26, *with* Doc. 25).

As for the Nonparties' Response to the Judgment Creditors' Notice of Non-Receipt of Opposition by Nonparties to Motion for Contempt (Doc. 28) and Response to Judgment Creditors' Notice of Noncompliance (Doc. 29), these filings were, again, nearly identical in substance to both the Notice of Compliance (Doc. 25) and the Response in Opposition to the Motion for Contempt (Doc. 26). (*Compare* Doc. 28, *and* Doc. 29, *with* Doc. 25, *and* Doc. 26).

The Nonparties also filed a Response to the Second Order to Show Cause.  (Doc. 30).
With regard to the Nonparties' failure to timely comply with the subpoenas, they explained, in
sum, that counsel for the Nonparties was under a good faith belief that the parties were going to
settle and that settlement was contingent on the withdrawal of the subpoenas.  (*Id.* at 5).  The
Nonparties also claimed that counsel did not realize that the email serving the Motion for
Contempt was an attempt at service of documents because the email appeared different from a
previous service email sent by the Judgment Creditors.  (*Id.*).  Although the Nonparties admitted
they were served with the March 11, 2019 Show Cause Order, there was no explanation as to
why the Nonparties and their counsel failed to appear at the April 17, 2019 show cause hearing.
(*Id.*).

On May 2, 2019, the Nonparties each filed an affidavit.  All Nonparties averred that they
were served with a Subpoena to Produce Documents on November 5, 2018, that they had
reviewed the subpoena multiple times, that they did not have any responsive documents other
than those that were produced on April 5, 2019, and that they were "not aware of any additional
documents that are responsive."  (Doc. 31-1 at 1; Doc. 31-2 at 1-2; Doc. 31-3 at 1-2).  Nonparty
Drabova also averred that she was in the Czech Republic and would be there on May 6, 2019, the
day of the second show cause hearing.  (Doc. 31-1 at 1; Doc. 31-2 at 2).

On May 3, 2019, the Judgment Creditors filed a Notice of Noncompliance by Nonparties
Hana Drabova, Naples Energy, LLC and Czech Energy U.S.A., LLC with Second Order to Show
Cause.  (Doc. 32).  The Judgment Creditors argued that the Nonparties' objections to the
subpoenas were nothing more than boilerplate objections and that they failed to respond to any
of the requests individually.  (*Id.* at 2-3).  The Judgment Creditors also noted that while the
"Nonparties filed 'amended' objections, Nonparties have done nothing to supplement their paltry

and facially defective initial production of a total of 50 pages.  Nonparties' document production continues to be a total farce as it consists solely of documents that can be readily downloaded from the Collier County Clerk's Office and Collier County Property Appraiser's website." (*Id.* at 4; *see also* Doc. 32-1).  The Judgment Creditors maintained that there were outstanding documents that the Nonparties had refused to produce.  (*See* Doc. 32 at 4-5).  They further asserted that the Nonparties' Response in Opposition to Motion for Contempt and Sanctions (Doc. 26), Response to Notice of Non-Receipt of Opposition (Doc. 28), and Response to Notice of Noncompliance (Doc. 29) failed to meaningfully address the issues raised in the Judgment Creditors' motions or notices.  (Doc. 32 at 6).  They also argued that the Nonparties' Response to the Second Show Cause Order was unavailing.  (*Id.* at 7-8).

The Court held the second show cause hearing on May 6, 2019.  Counsel for the Judgment Creditors appeared, and attorneys Brakefield and Lombardo appeared on behalf of the Nonparties.  Nonparty Drabova failed to appear again.  The Court invited counsel for the Nonparties to address the Court.  With regard to counsel's failure to appear at the May 6, 2019 hearing, attorney Lombardo stated that counsel did not file a notice of appearance until April 2, 2019, which was after the notice of hearing was entered, and he was therefore unaware of the April 17, 2019 hearing.[1]  When pressed by the Court as to whether counsel ever received a copy of the First Show Cause Order setting the hearing or whether counsel had reviewed the docket upon filing his notice of appearance, attorney Lombardo replied that he had not received the First Show Cause Order and while he had reviewed the docket, he did not see that there was a notice setting the hearing nor that the First Show Cause Order had been entered.

---

[1]  Although attorney Lombardo stated that counsel did not file a notice of appearance until April 2, 2019, counsel actually filed their notices of appearance on April 4, 2019.  (Docs. 9, 13).

As to Nonparty Drabova's failure to appear at the first show cause hearing, attorney Lombardo represented that she was in the Czech Republic, that he had asked her to appear but that he could not force her to be there, and that it was his understanding she was unable to secure a flight.

With regard to the Nonparties' attempted compliance with the subpoenas, attorney Lombardo assured the Court that it was his objective to cooperate and comply with the subpoenas and that he had questioned his clients regarding the document requests and had tried to comply with the requirements to the best of his ability.  He represented that the Nonparties told him that all documents had been produced and that the firm was not withholding any documents.  Attorney Lombardo stated that it was not until the Judgment Creditors filed the Notice of Noncompliance with Show Cause Order (Doc. 32) that he became aware that the subpoena responses were incomplete and that there may be more documents of which his clients had not informed him.  Attorney Lombardo also stated that if counsel for the Judgment Creditors was aware of other existing documents, counsel should share that information.  He stated that if he asked his clients about specific outstanding documents and they did not produce them, he would withdraw.  Attorney Lombardo requested an additional 30 days to question his clients regarding the existence of more documents and to obtain those documents.

Counsel for the Judgment Creditors, attorney Goldstein, urged the Court to grant the Motion for Contempt, arguing that there were sufficient facts to find the Nonparties in contempt, award sanctions, and to set a final deadline for production of the documents.  Attorney Goldstein also requested that, if the matter was going to be continued, the Court require Nonparty Drabova and Defendant Ladislav Drab to be examined regarding the production of documents.[2]

---

[2]  Defendant Drab is the manager of Nonparty Czech Energy U.S.A., LLC.  (Doc. 31-3 at 1).

Following the parties' arguments, the Court advised the parties that it would take the matter under advisement and would consider a further proceeding whereby Nonparty Drabova and Defendant Drab would be required to explain under oath what steps they had taken to identify responsive documents in response to the subpoenas and why they maintained that there were no further documents despite the fact that on the face of the Nonparties' responses, objections, and affidavits it appeared that there were.  The Court further stated that if it determined that further proceedings in that regard were not required, it was inclined to certify facts to the presiding district judge and enter a report and recommendation pursuant to 28 U.S.C. § 636(e) recommending that the Motion for Contempt and Sanctions be granted based on the record.  The Court also indicated that it was not inclined to give counsel for the Nonparties additional time to question his clients regarding the existence of more documents because it was unlikely to result in satisfactory compliance.

## II.    Analysis

Federal Rule of Civil Procedure 45(g) provides that "[t]he court for the district where compliance [with a subpoena] is required . . . may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it."  Moreover, it is well-established that "courts have inherent power to enforce compliance with their lawful orders through civil contempt."  *Shillitani v. United States*, 384 U.S. 364, 370 (1966) (citing *United States v. United Mine Workers*, 330 U.S. 258, 330-32 (1947)); *see also Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991).  Civil contempt is a sanction designed to enforce or coerce compliance with a court order "or to compensate for losses or damages sustained by reason of noncompliance."  *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191 (1949).  Civil contempt sanctions are "avoidable through obedience, and thus may be imposed in an ordinary civil

proceeding upon notice and an opportunity to be heard." *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 827 (1994). "The underlying concern giving rise to this contempt power is not merely the disruption of court proceedings but rather the disobedience to orders of the judiciary and abuse of the judicial process." *Provident Bank v. Hill*, No. 8:12-cv-01663-JDW-AEP, 2013 WL 3270412, at *3 (M.D. Fla. June 26, 2013) (citing *Chambers*, 501 U.S. at 44).

In circumstances where a party has disobeyed a court order, the opposing party generally moves "the court to order the [offending party] to show cause why he should not be held in contempt and sanctioned until he complies." *Mercer v. Mitchell*, 908 F.2d 763, 768 (11th Cir. 1990). "If the court finds that the conduct as alleged would violate the prior order, it enters an order requiring the defendant to show cause why he should not be held in contempt and conducts a hearing on the matter." *Id.* The party seeking contempt must show by clear and convincing evidence that the offending party violated the court's order. *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988) (citing *Northside Realty Assocs. v. United States*, 605 F.2d 1348, 1352 (5th Cir. 1979)). Once the moving party makes this prima facie showing, the burden shifts to the offending party to show (1) that he did not violate the court order or (2) that his noncompliance was excusable. *Id.*; *Mercer*, 908 F.2d at 768. To satisfy this burden, the offending party may not merely assert an inability to comply but must show "that he has made 'in good faith all reasonable efforts to comply.'" *Roberts*, 858 F.2d at 701 (quoting *United States v. Rizzo*, 539 F.2d 458, 465 (5th Cir. 1976)).

Moreover, 28 U.S.C. § 636(e) provides in pertinent part:

> **(e) Contempt authority.--**
>
> **(1) In general.**--A United States magistrate judge serving under this chapter shall have within the territorial jurisdiction prescribed by the

appointment of such magistrate judge the power to exercise contempt authority as set forth in this subsection.

. . . .

**(6) Certification of other contempts to the district court.**--Upon the commission of any such act--

. . . .

**(B)** in any other case or proceeding under subsection (a) or (b) of this section, or any other statute, where--

. . . .

**(iii)** the act constitutes a civil contempt,

the magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified. The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge.

Upon consideration, the Undersigned recommends that the Court grant the Motion for Contempt.  It is clear that, as outlined above, the Nonparties have repeatedly violated the Court's Orders and abused the judicial process.  First, as previously noted by this Court, the Judgment Creditors adequately demonstrated that the Nonparties failed to timely respond to or comply with the subpoenas properly served on them.  *See* Fed. R. Civ. P. 45(a)-(b), (e).  Despite being given multiple opportunities to comply with the subpoenas, the Nonparties have provided the Judgment Creditors with nothing more than general, boilerplate objections that are facially insufficient, (*see* Docs. 22-24), along with a meager production of publicly available documents, (*see* Doc. 32 at 4, 32 -1).  It remains unclear whether the Nonparties have produced all documents within their possession, custody, or control, but it appears there may be other responsive documents that have not been produced.  (*See* Doc. 32 at 4-5).  And while the Nonparties' insufficient objections

indicate that there may be responsive documents that the Nonparties have not produced on the basis of the objections, the affidavits filed by the Nonparties state that no other responsive documents exist.  (*Compare* Docs. 22-24, *with* Docs. 31-1 – 31-3).  These self-contradicting representations cast serious doubt on the veracity of the Nonparties' affidavits.

Nor have the Nonparties adequately responded to the Motion for Contempt (Doc. 4) and the related filings (Docs. 4-1, 5), despite being twice ordered by the Court to do so.  As described above, the Nonparties submitted identical, nonresponsive filings in response to the Motion for Contempt and related filings and the Show Cause Orders.  (*See* Docs. 25-26, 28-29). Furthermore, the Nonparties failed to file a response to the First Show Cause Order, and when the Nonparties finally responded to the Second Show Cause Order, they failed to explain their or counsel's failure to appear at the first show cause hearing despite being ordered by the Court to do so.  (*See* Docs. 6, 16, 30).

Even more troubling are Nonparties Naples Energy, LLC's and Czech Energy U.S.A., LLC's failure to appear – through counsel – at the first show cause hearing and Nonparty Drabova's failure to appear at both show cause hearings, despite being explicitly ordered by the Court to do so.  Nonparty Drabova has not provided a valid excuse for her failure to appear.

As for counsel's failure to appear at the first show cause hearing, the Undersigned is unconvinced that counsel were unaware of the April 17, 2019 hearing.  It strains credulity that counsel would file notices of appearance and not review the docket and read both the First Show Cause Order (Doc. 6) and the notice of hearing (Doc. 7).  Indeed, the fact that the Nonparties filed Objections and Responses to the subpoenas on April 4, 2019 (Docs. 10-12) arguably indicates that counsel read the Show Cause Order directing them to do so.

III.    **Conclusion**

In light of the Nonparties' pattern of willfully disregarding this Court's orders and the judicial process, the Undersigned concludes that the Nonparties are in continuous violation of this Court's Orders.  Because the Nonparties have repeatedly failed to provide timely and valid objections to the subpoenas, the Undersigned recommends that the Court find the Nonparties have waived all objections to the subpoenas, including privilege objections because the Nonparties have failed to produce any privilege logs to support any assertion of privilege.  The Undersigned also recommends that the Court hold a hearing pursuant to 28 U.S.C. § 636(e) and order Nonparty Drabova to show cause why the Court should not issue a warrant for her arrest until such time as she fully complies with the subpoenas by responding to each request individually and producing the requested documents.  The Undersigned further recommends that the Court order Nonparties Naples Energy, LLC, and Czech Energy U.S.A., LLC to show cause why a daily fine of $250 per day should not be assessed against them until such time as they fully comply with the subpoenas by responding to each request individually and producing the requested documents.

Finally, the Undersigned recommends that the Nonparties be required to pay the fees and costs associated with bringing this Motion, including the fees and costs the Judgment Creditors' counsel incurred in traveling to and attending the April 17, 2019 and May 6, 2019 show cause hearings.

**IT IS RESPECTFULLY RECOMMENDED:**

1) That the Court **GRANT** the Judgment Creditors' Motion for Contempt and Sanctions Against Nonparties Hana Drabova, Naples Energy, LLC, and Czech Energy U.S.A., LLC to Compel Compliance with Subpoenas to Produce Documents in Aid of

Execution (Doc. 4) to the extent the presiding District Judge should enter an order setting a show cause hearing pursuant to 28 U.S.C. § 636(e) so that the Nonparties may show cause why the Court should not issue a warrant for the arrest of Nonparty Drabova and why the Court should not assess a fine of $250 per day against Nonparties Naples Energy, LLC, and Czech Energy U.S.A., LLC;

2) That Nonparties Hana Drabova, Naples Energy, LLC, and Czech Energy U.S.A., LLC be required to pay the fees and costs associated with bringing this Motion, including the fees and costs the Judgment Creditors' counsel incurred in traveling to and attending the April 17, 2019 and May 6, 2019 show cause hearings.

Respectfully recommended in Chambers in Ft. Myers, Florida on July 1, 2019.

MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

Copies furnished to:

Counsel of Record
Unrepresented Parties