UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANTHONY MELIKHOV, MELMAR
HOLDINGS, LLC and U4G GROUP,
LLC,

      Plaintiffs,

v.                                    Case No.:  2:19-cv-248-FtM-38MRM

LADISLAV DRAB, CE GROUP,
CESKA ENERGIE, CESKA
PLYNARESKA, NAPLES ENERGY,
LLC, HANA DRABOVA and CZECH
ENERGY USA, LLC,

      Defendants.
_____/

## **OPINION AND ORDER**[1]

This matter comes before the Court on the Honorable Mac R. McCoy's Report and Recommendation and Certification of Facts (Doc. 35), certifying facts in support of his recommendation that Plaintiffs-Judgment Creditors Anthony Melikhov, Melmar Holdings LLC, and U4G Group LLC's (hereinafter "Plaintiffs" or "Judgment Creditors") Motion for Contempt and Sanctions Against Nonparties Hana Drabova, Naples Energy LLC, and Czech Energy USA LLC (hereinafter "Nonparties") (Doc. 4) be granted. No objections have been filed and the time to do so has expired. Nonetheless, in accordance with 28

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

U.S.C. § 636(e)(6)(B)(iii), the Court held an evidentiary hearing on September 23, 2019, for the Nonparties to show cause why they should not be adjudged in contempt and/or sanctioned by reason of the facts so certified. (Doc. 37). Counsel for the Judgment Creditors and the Nonparties appeared at the hearing.

On August 2, 2019, the Court issued its Order setting the show cause hearing. (Doc. 37). In its Order, the Court ordered Nonparty Hana Dabrova to appear in person at the hearing and warned her that her failure to appear at the show cause hearing could result in the issuance of a bench warrant for her arrest. However, Dabrova failed to appear even though her counsel[2] stated at the hearing that she was aware of the proceedings. Her counsel stated that she did not appear because she was denied a visa to travel to the United States from the Czech Republic on September 19, 2019 (only four days before the hearing). What makes Dabrova's late attempt to travel incredible is that the Order setting the hearing (and warning her that her failure to appear could result in her arrest) was issued on August 2, 2019, and the show cause hearing was originally set for September 6, but was rescheduled to the 23rd. Thus, Dabrova had more than enough time to make travel arrangements to appear in person at the hearing if she was making any credible attempt to do so, and she was provided more than adequate notice that she could be arrested if she failed to appear. However, she failed to heed the Court's warnings.

The Court having carefully reviewed and considered the parties filings, having heard oral argument from counsel, and otherwise receiving evidence at the hearing, finds that the Motion for Contempt and Sanctions is granted for the reasons set forth below.

---

[2] The Nonparties' counsel has moved to withdraw due to irreconcilable differences. (Doc. 51).

**BACKGROUND**

The Court accepts and adopts Judge McCoy's Certification of Facts (Doc. 35, Sec. I). This action involves the registration of a foreign judgment, and the Judgment Creditors seek compliance with document subpoenas[3] issued to the Nonparties in aid of execution of the judgment. The underlying judgment in a case involving a business deal gone bad was entered in the Northern District of Illinois for $36,711,232.88 (plus interest) against Ladislav Drab, CE Group, Ceska Energia A.A., and Ceska Plynareska A.S. on January 26, 2018. (Doc. 1). Nonparty Hana Drabova is the wife of Ladislav Drab and the managing member of Naples Energy (Drab was the managing member of Naples Energy at the time of the transactions at issue in the underlying litigation; however, management was transferred to Drabova).[4] Drab has not appeared in this matter.

In aid of execution on its foreign judgment, the Judgment Creditors request that the Court do four things: (1) find the Nonparties in contempt for their failure to comply with the document subpoenas; (2) compel the Nonparties to produce the requested documents; (3) impose sanctions against the Nonparties for their pro rata share of the Judgment Creditors' attorneys' fees and costs incurred in bringing the Motion; and (4) warn the Nonparties that failure to comply with the order may result in additional

---

[3] There is no dispute that the Subpoenas in Aid of Execution (Doc. 4-3; 4-4) were lawfully issued in November 2018, and the Nonparties have otherwise not challenged the subpoenas.

[4] A point of clarification as to the parties involved would be helpful. The parties against whom the underlying judgment was entered (Ladislav Drab, CE Group, Ceska Energia A.A., and Ceska Plynareska A.S.) are referred to as the "Judgment Debtors." The parties at issue here (Hana Drabova, Naples Energy, LLC, and Czech Energy USA, LLC) are referred to as "Nonparties" because they were not parties to the underlying case.

sanctions, "including civil fines, attorneys' fees and costs, evidentiary sanctions, and other appropriate remedies available to the Court to compel compliance." (Doc. 4).

After two Orders to Show Cause issued by Judge McCoy and two hearings, the Nonparties still failed to comply with the subpoenas and offered insufficient responses to the Motion for Contempt (Doc. 4). In his two Orders to Show Cause (Docs. 6, 16), Judge McCoy specifically ordered the Nonparties to comply with the subpoenas. Judge McCoy warned the Nonparties that any failure to comply with his Orders could result in a finding of contempt and sanctions, including the issuance of a bench warrant to ensure compliance. Notably, nonparty Hana Drabova was warned by Judge McCoy that her failure to appear in person at his show cause hearing would not be excused for any reason short of a medical emergency. Still, Drabova failed to show at either hearing before Judge McCoy with no excusable explanation provided by her counsel other than she was in the Czech Republic and could not secure a flight.

Following the two show cause hearings, Judge McCoy advised the parties that he would take the matter under advisement and would consider a further proceeding whereby Nonparty Drabova and Defendant Ladislav Drab would be required to explain under oath what steps they had taken to identify responsive documents in response to the subpoenas and why they maintained that there were no further documents despite the fact that on the face of the Nonparties' responses, objections, and affidavits it appeared that there were. (Doc. 35 at 11).

Notably, Judge McCoy stated that it remained unclear whether the Nonparties have produced all documents within their possession, custody, or control, but it would appear based on the evidence before him that there may be other responsive documents

4

that have not been produced. (Doc. 35 at 13 (citing Doc. 32 at 4-5)). The evidence presented by the Judgment Creditors is at Document 32, wherein the creditors noted that their search of publicly-available documents has revealed that Naples Energy holds title to Florida real property where Drab and Drabova reside and Naples Energy holds title to a condominium that it recently sold with the sales proceeds transferred to Drabova. However, no documents reflecting the transfer of the sale proceeds to Drabova on behalf of Naples Energy were produced even though they were responsive to the subpoena requests. The evidence at Doc. 32 seriously calls into question the veracity of the Nonparties' affidavits stating that they were aware of no additional documents that were responsive. (Doc. 31-1 at 1; Doc. 31-2 at 1-2; Doc. 31-3 at 1-2). Therefore, the Judgement Creditors became rightfully concerned that the Nonparties have been transferring funds or shifting assets in an effort to frustrate their efforts to collect on the underlying foreign judgment.

Counsel for the Nonparties stated at the second show cause hearing that based upon the evidence provided in Doc. 32 it would appear that the Nonparties' responses were incomplete, but he had not had the opportunity to speak with Drabova about the evidence provided in Doc. 32, but that he intended to do so.[5] In any event, Judge McCoy indicated that he was not inclined to give the Nonparties' counsel additional time to question his clients regarding the existence of more documents because it was unlikely to result in satisfactory compliance. (Doc. 35 at 11). Judge McCoy held no further proceedings and lacking the authority to resolve the contempt issue, *see* 28 U.S.C. §

---

[5] The Court did inquire as to whether the Nonparties' counsel had spoken to Dabrova about the information contained in Doc. 32. He stated that he had, and he had produced a few more documents to the Judgment Creditors. The Judgment Creditors stated that even so, the Nonparties still have not fully complied with the subpoenas.

636(e)(6), he certified facts to the District Court as to the proceedings before him and recommends that the Court grant the request for contempt because nothing short of contempt would ensure the Nonparties' compliance. (Doc. 35).

The undersigned held a show cause hearing to allow Drabova to explain why she should not be sanctioned and/or held in civil contempt. Drabova was directed to appear in person and bring any documents or other evidence that complies with the subpoenas and be prepared to testify under oath as to same, but she failed to appear. (Doc. 37). Plaintiffs submitted 71 exhibits (Docs. 44, 46) at the hearing that were admitted by the Court without objection. Plaintiffs' counsel stated at the hearing that the exhibits are further evidence that the Nonparties are shifting assets in an effort to thwart any collection efforts and that the Nonparties have documents responsive to the subpoenas that they are not producing. Although provided the opportunity to do so, counsel for the Nonparties presented no evidence to the contrary.

## STANDARD

A district judge "may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* And "[t]he judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

Pursuant to 28 U.S.C. § 636(e)(6), if a magistrate judge determines that an act constitutes civil contempt, he shall:

> Forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this

paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified. The district judge shall thereupon hear evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge.

Federal Rule of Civil Procedure 45(g) provides that "[t]he court for the district where compliance [with a subpoena] is required . . . may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Moreover, a district court has the inherent power and authority to punish a party for disobeying or resisting its orders. See 18 U.S.C. § 401(3).

In a civil contempt proceeding, the moving party must present "clear and convincing" evidence that the court's order was violated. Howard Johnson Co., Inc. v. Khimani, 892 F.2d 1512, 1516 (11th Cir. 1990) (citations omitted). "'This clear and convincing proof must also demonstrate that 1) the allegedly violated order was valid and lawful; 2) the order was clear, definite and unambiguous; and 3) the alleged violator had the ability to comply with the order.'" McGregor v. Chierico, 206 F.3d 1378, 1383 (11th Cir. 2000) (citation omitted).

"An award of damages in a civil contempt proceeding requires proof of both the fact of injury to the aggrieved party and the amount of damages the aggrieved party has suffered." McGregor, 206 F.3d at 1386-87. Because no objections have been filed, I recommend that the Court accept and adopt the certification of facts set forth in Section I of the Report and Recommendation (Doc. 35), which support that Plaintiffs have presented clear and convincing evidence that the Court's orders were violated and Plaintiffs have suffered injury.

"[O]nce the moving party makes [its] *prima facie* showing that the court order was violated, the burden of production shifts to the alleged contemnor to show a 'present inability to comply that goes beyond a mere assertion of inability. . . .'" *Howard Johnson*, 892 F.2d at 1516 (citations omitted). "The focus of a court's inquiry in civil contempt proceedings is not on the subjective beliefs or intent of the alleged contemnors in complying with the court order, but whether in fact their conduct complied with the order at issue." *Smith Barney*, 969 F. Supp. at 722-23 (citations omitted). "Generally, conduct that evinces substantial but not complete compliance with a court's order may be excused in a contempt proceeding if it was made as part of a good-faith effort at compliance." *Id.* at 723 (citation omitted). A "person who attempts with reasonable diligence to comply with a court order should not be held in contempt." *Newman v. Graddick*, 740 F.2d 1513, 1525 (11th Cir. 1984). In addition, the question that must be resolved by the Court is whether the Nonparties have the present ability to pay, in whole or in part, the amount owed. *See Piambino v. Bestline Prods., Inc.*, 645 F. Supp. 1210, 1214 (S.D. Fla. 1986) ("Moreover, we think it clear that a person subject to court order must comply to the fullest extent possible, regardless of whether such efforts result in compliance in whole or in part.").

If a district court finds a party in contempt, it has broad discretion in fashioning a contempt sanction "to ensure compliance, as long as the sanctions are not greater than necessary." *Smith Barney*, 969 F. Supp. at 722 (citations omitted). "Such options include a coercive daily fine, a compensatory fine, attorney's fees, expenses to the aggrieved party, and coercive incarceration." *Id.* at 723 n.6. Generally, civil contempt sanctions include a fine and/or confinement, levied against the party held in contempt. *See In re*

*Dinnan*, 625 F.2d 1146, 1149 (11th Cir.1980) (authorizing a coercive, non-punitive fine payable to the clerk of the court as an appropriate sanction for civil contempt); and 28 U.S.C. § 1826 (authorizing the confinement of a recalcitrant witness for the failure to obey a subpoena).

### DISCUSSION

After examining the file independently, and upon considering Judge McCoy's findings and recommendations, the Court accepts and adopts the analysis, conclusion, and recommendations made by Judge McCoy. As announced at the hearing, the Court finds that the Judgment Creditors have shown by clear and convincing evidence that the Nonparties have continually violated these Court's orders to comply with the subpoenas and appear before the Court. Therefore, the burden shifted to the Nonparties to show that they are unable to comply. In this regard, nothing has been offered by the Nonparties. Although the Nonparties have produced some documents, they have not satisfied their burden of production given the evidence that Plaintiffs have produced showing that there are assets and information responsive to the subpoenas that have not been provided. The Court agrees with Judge McCoy and finds that the Nonparties have not made reasonable efforts to comply with this Court's orders and are intentionally failing to respond to the subpoenas. Therefore, the Court finds the Nonparties in contempt.

In fashioning appropriate sanctions, the Eleventh Circuit has made clear that a balance of interest must be struck.

> The court has the power to impose coercive and compensatory sanctions. *In re Chase and Sanborn Corp. v. Nordberg*, 872 F.2d 397 (11th Cir. 1989). "'The measure of the court's power in civil contempt proceedings is determined by the requirements of full remedial relief. This may entail the doing of a variety of acts....'" *EEOC v. Guardian Pools, Inc.*, 828 F.2d 1507, 1515 (11th Cir. 1987) (quoting *United States v. United Mine Workers*, 330

U.S. 258, 304, 67 S. Ct. 677, 701, 91 L. Ed. 884 (1947)). When fashioning a sanction to secure compliance, a district court should consider "'the character and magnitude of the harm threatened by continued contumacy and the probable effectiveness of any suggested sanction in bringing about the result desired.'" *EEOC*, 828 F.2d at 1515 (quoting *United Mine Workers*, 330 U.S. at 304, 67 S. Ct. at 701).

Sanctions may be imposed to coerce the contemnor to comply with the court's order, but may not be so excessive as to be punitive in nature. *Matter of Trinity*, 876 F.2d at 1493. The court's discretion, however, "must stay within the bounds of due process." *Mercer v. Mitchell*, 908 F.2d 763, 766 (11th Cir. 1990). Due process requires that the court inform the alleged contemnor of the contemptuous conduct, and provide a hearing in which the alleged contemnor may explain why the court should not make a contempt finding. *Mercer*, 908 F.2d at 767. Although the district court has the authority to impose sanctions designed to ensure compliance, the sanctions cannot be any greater than necessary to ensure such compliance. *Mercer*, 908 F.2d at 768 n. 9.

The district court had numerous options, among them: a coercive daily fine, a compensatory fine, attorney's fees and expenses to the Receiver, and coercive incarceration. *Matter of Trinity*, 876 F.2d at 1494; *EEOC*, 828 F.2d at 1516; *Sizzler Family Steak Houses v. Western Sizzlin Steak House*, 793 F.2d 1529, 1535-36 (11th Cir.1986); *Shillitani*, 384 U.S. at 371, 86 S.Ct. at 1536.

*Citronelle-Mobile Gathering, Inc. v. Watkins*, 943 F.2d 1297, 1304 (11th Cir. 1991).

Given Dabrova's repeated recalcitrant conduct, the Court finds that it is appropriate to issue a bench warrant for her arrest to ensure compliance. Ms. Dabrova was given sufficient notice that this was a possibility, but she still chose to flagrantly disregard this Court's orders without explanation. The Court finds that given her track record nothing short of coercive incarceration will get her attention and convey to her that the Court is serious about its orders and the consequences of her failure to comply. The Court finds that she has been afforded due process. Ms. Dabrova has been informed of the potential consequences of her conduct multiple times and the Court has continually put the ball in

Ms. Dabrova's court so to speak. Unfortunately, she has made choices that have led to this result.

The Court further agrees with Judge McCoy's recommendation that a $250 per day fine be entered against Naples Energy, LLC and Czech Energy USA, LLC. The Court also grants Plaintiffs' request for attorneys' fees and costs, but as stated at the hearing, will reserve on the amount pending a review of the submissions filed by Plaintiffs' counsel post-hearing (Doc. 52).

Finally, based on the evidence presented by Plaintiffs' counsel at the hearing (with no objection), the Court finds that Plaintiffs have shown that the Nonparties have made efforts to transfer funds or shift assets to frustrate Plaintiffs' efforts to collection the underlying judgment. (Docs. 32, 44). In particular, Plaintiffs' counsel stated that the only significant asset that the Nonparties have in this District is a property at 7417 Treeline Drive, Naples, Florida, 34119. Plaintiffs are concerned that the Nonparties will make efforts to thwart Plaintiffs' ability to seize the property in order to satisfy the underlying judgment.[6] Therefore, Plaintiffs plan to file a Motion that the Nonparties be considered Judgment-Debtors so that the property may be seized. During the pendency of the Court's consideration of that issue, the Court orders that the property located at 7417 Treeline Drive, Naples, Florida 34119 may not be transferred, sold, or otherwise encumbered as set forth in greater detail below.

---

[6] Indeed, the Nonparties already transferred another property after the underlying judgment was entered. Naples Energy held title to a condominium that it recently sold (and which sale Drab signed documents for) and the sale proceeds were transferred to Dabrova – yet not a single document reflecting the transfer of the sale proceeds to Dabrova on behalf of Naples Energy was produced. (Doc. 32).

Accordingly, it is now

**ORDERED:**

(1) The Honorable Mac R. McCoy's Report and Recommendation and Certification of Facts (Doc. 35) is **ACCEPTED AND ADOPTED** and its findings incorporated herein.

(2) Plaintiffs-Judgment Creditors Anthony Melikhov, Melmar Holdings LLC, and U4G Group LLC's Motion for Contempt and Sanctions Against Nonparties Hana Drabova, Naples Energy LLC, and Czech Energy USA LLC (Doc. 4) is **GRANTED**.

(3) Nonparties Hana Dabrova, Naples Energy LLC, and Czech Energy USA LLC are found in **civil contempt of court** for their flagrant failure to comply with this Court's orders.

(4) Nonparty Hana Drabova is **COMMITTED** to the custody of the United States Marshal **for a term of thirty (30) days**, or until such time as she purges the finding of civil contempt. Hana Dabrova may **PURGE** herself of the contempt by producing the documents requested or otherwise adequately responding to the subpoena requests in compliance with this Court's Orders. If Drabova complies with this Opinion and Order by providing adequate responses to the subpoenas in aid of execution, Plaintiffs shall notify the Court immediately so that Drabova's contempt may be purged.

(5) A fine of **$250 per day** is assessed against Nonparties Naples Energy, LLC, and Czech Energy USA, LLC.

(6) The Nonparties are taxed with the reasonable attorney's fees and costs incurred by Plaintiffs in connection with this matter, the amount to be determined and set forth by separate order.

(7) Hana Drabova, Naples Energy, LLC and Czech Energy U.S.A., LLC, and each of them, and their respective agents, principals, partners, holding companies, parent companies, shareholders, members, attorneys, servants, employees, representatives, and all those persons and/or entities acting under, in concert, with or for them, are **enjoined and restrained** until further Order of this Court from transferring, conveying, hypothecating, encumbering or selling the real property commonly known as 7417 Treeline Drive, Naples, Florida 34119 and legally described as follows:

Real property located in Collier County, State of Florida:

Lot 5, Olde Cypress, Tract 12, a subdivision according to the plat thereof as recorded in Plat Book 37, Pages 91 and 92, of the Public Records of Collier County, Florida.

Parcel ID Number: **64626001102**

(8) The Nonparties' counsel shall forthwith provide the Nonparties with a copy of this Opinion and Order and file a written Notice with the Court that they have done so.

**DONE** and **ORDERED** in Fort Myers, Florida this 24th day of September, 2019.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:
All Parties of Record
U.S. Marshal

13