UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANTHONY MELIKHOV, MELMAR
HOLDINGS, LLC and U4G GROUP, LLC,
an individual,

    Plaintiffs,

v.                                Case No.:   2:19-cv-248-FtM-66MRM

LADISLAV DRAB, CE GROUP, CESKA
ENERGIE, CESKA PLYNARESKA,
NAPLES ENERGY, LLC, HANA
DRABOVA and CZECH ENERGY USA,
LLC,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Before the Court is Plaintiffs/Judgment Creditors' Motion for Writs of Execution Against Nonparties. (Doc. 106). Judgment Creditors move the Court pursuant to Fed. R. Civ. P. 69(a) and Fla. R. Civ. P. 1.570(a) for writs of execution relating to this Court's prior orders. (*Id*. at 1). For the reasons set out below, the Undersigned finds that Judgment Creditors are not entitled to the full relief they seek. Moreover, the Undersigned finds that the remaining relief sought is premature.

There are two issues with Judgment Creditors' Motion. The first issue is whether Judgment Creditors are entitled to writs of execution allowing them to execute upon the Court's September 24, 2019 Order finding the nonparties in civil contempt and assessing a fine of $250 per day against Naples Energy and Czech Energy. (*See* Doc. 106-2 at 39, 41 (referencing Doc. 54 at 12)). The second issue is whether Judgment Creditors may execute on their award of attorneys' fees and costs before the Court has entered a judgment on the same. (Doc. 106-2 at

38, 40, 42 (referencing Doc. 87 at 11)).  For the reasons stated below, the Undersigned finds that the answer to both of these questions is no.

## I. Judgment Creditors Are Not Entitled a Writ for the Civil Fine.

Judgment Creditors characterize the Court's September 24, 2019 Order (Doc. 54) as entitling *them* to a civil fine of $250 dollars per day from the date of that order for which Naples Energy and Czech Energy are responsible.  (*See* Doc. 106 at 4; *see also* Doc. 106-2 at 39, 41).  The Court, however, did not specify – nor does the Undersigned believe the Court intended – that the nonparties should pay the civil fine to the Judgment Creditors.

As the Court previously noted:

> If a district court finds a party in contempt, it has broad discretion in fashioning a contempt sanction to ensure compliance.  Such options include a coercive daily fine, a compensatory fine, attorney's fees, expenses to the aggrieved party, and coercive incarceration.  Generally, civil contempt sanctions include a fine and/or confinement, levied against the party held in contempt.

(Doc. 54 at 8) (citation omitted).

And as the Eleventh Circuit has explained:

> The Supreme Court specifically stated in *United States v. United Mine Workers*, 330 U.S. 258, 303-304 (1947), that fines in civil contempt proceedings may be levied for either of two purposes:  (1) to compensate the complainant, in which case the amount *must be limited to actual damages shown*, or (2) to compel the contemnor to comply with the court's order, in which case the amount must be reasonably designed to force compliance, without being punitive.  A coercive, nonpunitive fine *payable to the clerk of the court* is an appropriate tool in civil contempt cases.

*In re Dinnan*, 625 F.2d 1146, 1149 (11th Cir. 1980) (emphasis added).

The Court's finding of civil contempt and assessment of the civil fine in this case clearly falls in the second category because the Court imposed the fine to ensure the nonparties' compliance with the prior orders concerning discovery in aid of execution.  The $250 per day

2

fine is, therefore, payable to the Clerk of Court, not to Judgment Creditors, because it does not compensate Judgment Creditors nor is it limited to actual damages shown. In contrast, the Court taxed the nonparties with Judgment Creditors' reasonable attorneys' fees and costs for which Judgment Creditors unquestionably have the right to a writ of execution, subject to obtaining a judgment as explained further below. (Doc. 54 at 12; *see also* Doc. 87 at 11). Thus, the Undersigned finds that the Court should not issue the writs of execution Judgment Creditors attach that seek to recover this civil fine.

**II.     The Court Must First Enter Judgment on the Attorneys' Fees Before Issuing Writs of Execution for the Fees.**

Next, the Undersigned finds that Judgment Creditors' Motion (Doc. 106) is due to be denied without prejudice as premature. For their part, Judgment Creditors assert two bases for their entitlement to the requested writs.

First, Judgment Creditors argue:

> Federal Rules of Civil Procedure 54(a) provides that a judgment includes any "[sic] decree or order from which an appeal lies. An adjudication of civil contempt order is immediately appealable by a nonparty and it therefore qualifies a [sic] judgment. *Trade Well Int'l v. United Cent. Bank*, 778 F.3d 620, 625 (7th Cir. 2015).

(Doc. 106 at 2). This argument fails, of course, because the Judgment Creditors are not entitled to the civil fine resulting from the civil contempt order for the reasons explained above.

Second, Judgment Creditors argue:

> Judgment Creditors are entitled to a writ of execution under Florida Law. Florida Rules of Civil Procedure 1.550(a) provides in relevant part: "Executions on *judgments* shall issue during the life of the *judgment* on the oral request of the party entitled to it or that party's attorney without praecipe."

(Doc. 106 at 4 (emphasis added)). The problem with this argument is that the Court has not yet entered any judgment on its award of attorneys' fees and costs. (*See* Doc. 87 at 11). As one

3

jurist of this Court observed in *Taylor Newman Cabinetry, Inc. v. Classic Soft Trim*, "[a]lthough some courts . . . have considered fee award orders appealable final orders or judgments under [Fed. R. Civ. P. 54(a)], and thus, governed by the procedures set forth in Rules 69 and 70 of the Federal Rules of Civil Procedure, the Eleventh Circuit has not definitely ruled on the issue." No. 6:10-cv-1445-Orl-22DAB, 2012 WL 5989387, at *8 (M.D. Fla. Oct. 10, 2012) (collecting cases), *report and recommendation adopted*, 2012 WL 5989505 (M.D. Fla. Nov. 30, 2012).

In *Taylor Newman Cabinetry*, this Court denied without prejudice the plaintiffs' application for a writ of execution and instead entered a final judgment on the attorneys' fee awards, inviting the plaintiffs to renew their application for a writ of execution. *Id*. The Undersigned recommends the Court here do the same—*i.e.*, deny Judgment Creditors' Motion without prejudice, enter a final judgment on the award of attorneys' fees, and allow Judgment Creditors' to renew their writs of execution based on an actual judgment. *See also Everett v. Paul Davis Restoration, Inc.*, No. 2:18-mc-10-FtM-29CM, 2018 WL 6191318, at *3 n.5 (M.D. Fla. Nov. 27, 2018) (noting that a writ of execution to enforce an award of attorneys' fees may be improper "when [Fed. R. Civ. P. 69] limits a court's authority to issue a writ of execution to enforcement of a 'money judgment'").

## CONCLUSION

Based upon the foregoing, the Undersigned **RESPECTFULLY RECOMMENDS** that:

1. Plaintiffs/Judgment Creditors' Motion for Writs of Execution Against Nonparties (Doc. 106) be **DENIED IN PART** and **DENIED WITHOUT PREJUDICE IN PART** as set forth below.

2. The Court deny the Motion insofar as it seeks to recover the civil fine the Court assessed against the nonparties for civil contempt.

4

3. The Clerk of Court be **DIRECTED** to enter final judgment in favor of Plaintiffs/Judgment Creditors and against Naples Energy LLC, Czech Energy USA LLC, and Hana Drabova in the amount of $42,466.50 in attorneys' fees and $1,549.39 in costs.  (*See* Doc. 87 at 11).

4. The Clerk of Court be **DIRECTED** to enter final judgment in favor of Plaintiffs/Judgment Creditors and against Judgment Debtor Ladislav Drab in the amount of $2,966.50 in attorneys' fees.  (*See* Doc. 109 at 5; *see also* Doc. 99 at 5).

5. The Court allow Judgment Creditors to renew their Motion for writs of execution relating solely to these awards of attorneys' fees.

**RESPECTFULLY RECOMMENDED** in Chambers in Ft. Myers, Florida on September 28, 2020.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

## **NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:

Counsel of Record
Unrepresented Parties