UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANTHONY MELIKHOV,
MELMAR HOLDINGS, LLC and
U4G GROUP, LLC, an individual,

    Plaintiffs,

v.                                                                    Case No.:   2:19-cv-248-FtM-66MRM

LADISLAV DRAB, CE GROUP,
CESKA ENERGIE, CESKA
PLYNARESKA, NAPLES
ENERGY, LLC, HANA DRABOVA
and CZECH ENERGY USA, LLC,

    Defendants.
_____/

### REPORT AND RECOMMENDATION AND CERTIFICATION OF FACTS

Pending before the Court is Plaintiffs/Judgment Creditors' Motion for Contempt and Sanctions Against Defendant/Judgment Debtor Ladislav Drab, filed on August 5, 2020.  (Doc. 114).  Following two Show Cause Hearings held on November 16, 2020, and December 7, 2020, the Undersigned certifies the following facts pursuant to 28 U.S.C. § 636(e)(6)(B)(iii) and recommends that the Motion for Contempt and Sanctions be **GRANTED**.

    **I.**    **Certification of Facts**

This action involves the registration of a foreign judgment against Judgment Debtors, Ladislav Drab, CE Group, Ceska Energie A.S., and Ceska Plynarenska A.S.  (*See* Doc. 1).  Judgment Creditors, Anthony Melikhov, Melmar Holdings,

LLC, and U4G Group, LLC, move this Court for an entry of contempt and sanctions against Judgment Debtor Ladislav Drab ("Drab") for his failure to comply with a post-judgment discovery order issued by this Court. (*See* Docs. 99, 114). The Omnibus Order, ("June 2, 2020 Order"), required Drab to comply with: (1) the Motion to Compel Defendant/Judgment Debtor Ladislav Drab to Respond to Requests for Production in Aid of Execution and Interrogatories in Aid of Execution and for Sanctions (Doc. 79-1); and, (2) the Consented to Motion to Require Defendant/Judgment Debtor Ladislav Drab to Complete Fla. R. Civ. P. Form 1.977 (Fact Information Sheet) (Doc. 81-1). (*See* Doc. 99 at 5).

In February 2019, Judgment Creditors served their First Set of Post-Judgment Requests for Production of Documents ("Requests for Production") and First Set of Post-Judgment Interrogatories ("Interrogatories") on Drab. (Doc. 79-1 at 3). On April 11, 2019, after Drab failed to timely produce any documents or otherwise respond to either the Requests for Production or Interrogatories, Judgment Creditors' counsel attempted to confer with Drab to resolve the discovery issue without judicial intervention. (*Id.*). Judgment Creditors explained that, despite their counsel's attempt to confer, Drab failed to provide any responses to the Requests for Production and Interrogatories. (*Id.*). On December 2, 2019, Judgment Creditors' counsel again requested that Drab comply with the Requests for Production and Interrogatories and advised him that Judgment Creditors would file a motion to compel if he did not comply. (*Id.* at 4). In response, Drab informed Judgment Creditors that he would comply by December 13, 2019. (*Id.*). Drab failed to respond

2

to the discovery. (*Id.*). On December 20, 2019, counsel for Judgment Creditor followed up with Drab one final time, but Drab did not respond. (*Id.*). Following this, on January 13, 2020, Judgment Creditors filed a motion to compel Drab to respond to the Requests for Production and Interrogatories. (*See* Doc. 79-1).

On January 13, 2020, in addition to filing the motion to compel Drab to respond to the Requests for Production and Interrogatories, (*id.*), Judgment Creditors filed a Consented to Motion to Require [Drab] to Complete Fla. R. Civ. P. Form 1.977 (Fact Information Sheet). (Doc. 81-1).

Drab failed to file a response to either motion under M.D. Fla. R. 3.01(b). Accordingly, this Court issued the June 2, 2020 Order requiring that: (1) Drab respond to the Requests for Production, (Doc. 79-3 at 1-15), no later than June 23, 2020; (2) Drab respond to the Interrogatories, (*id.* at 21-53), no later than June 23, 2020; (3) Drab completely fill out the Fact Information Sheet and provide all documentation required by it, (Doc. 81-2), no later than June 23, 2020; and, (4) Judgment Creditors' counsel file a notice detailing the fees they incurred while bringing the motion to compel so that the Court could award attorneys' fees. (*See* Doc. 99 at 5). Finally, in the June 2, 2020 Order, this Court expressly warned Drab that:

> **[A]ny failure to comply with this Order may result in the Undersigned recommending that he be found in contempt and that further sanctions be imposed against him, which sanctions may include (but not be limited to) an award of fees and costs to the Judgment Creditors, other monetary**

> **penalties deemed necessary to secure compliance, and issuance of an arrest warrant to ensure compliance.**

(*Id.* at 5-6 (emphasis in original)).

On August 5, 2020, Judgment Creditors filed the subject Motion for Contempt and Sanctions under Fed. R. Civ. P. 37(b)(2) for Drab's failure to comply with the June 2, 2020 Order. (*See* Doc. 114). Judgment Creditors allege that Drab failed to provide any documents or response to the Requests for Production, Interrogatories, and Fact Information Sheet. (*Id.* at 2). Judgment Creditors argue that Drab's conduct was reminiscent of his conduct before United States District Judge Virginia M. Kendall of the Northern District of Illinois, where default was entered against Drab as a sanction for his conduct during discovery. (*Id.* at 2; *see also* Doc. 64-4 at 48 ("[Drab] has failed to comply with all discovery, has thwarted even his own attorney's efforts to comply with the discovery process on his behalf, . . . and has failed to appear as directed by this Court to show cause for his failures.")). Judgment Creditors requested that Drab be held in contempt, required to pay attorneys' fees under Fed. R. Civ. P. 37(b)(2)(C), and be required to respond to the outstanding discovery. (*Id.* at 3-4).

On the same day, August 5, 2020, Judgment Creditors filed the Declaration of Jason E. Goldstein in Support of Plaintiffs/Judgment Creditors' Motion for Contempt and Sanctions Against Judgment Debtor Ladislav Drab. (Doc. 114-1). Judgment Creditors' counsel of record, Jason E. Goldstein, certified that he served

the June 2, 2020 Order to Drab, attempted to meet and confer with Drab, and received no response to his communications. (*Id.* at 2).

Drab failed to respond to Judgment Creditors' Motion for Contempt and Sanctions. Consequently, on October 15, 2020, this Court issued an Order taking Judgment Creditors' Motion for Contempt and Sanctions, (Doc. 114), under advisement and setting a telephonic show cause hearing before the Undersigned on November 16, 2020 at 11:00 AM (Eastern). (Doc. 118 at 3). Additionally, the Court ordered Drab to respond to Requests for Production and Interrogatories, fill out the Fact Information Sheet, and show cause in writing as to why a finding of contempt and order imposing sanctions should not be issued against him for his failure to comply with the June 2, 2020 Order and his failure to respond to the Judgment Creditors' Motion for Contempt and Sanctions. (*Id.*). Finally, the October 15, 2020 Order expressly warned Drab for a second time that:

> **[A]ny failure to comply with this Order may result in the Undersigned recommending that he be found in contempt and that sanctions be imposed against him, which sanctions may include (but not be limited to) an award of fees and costs to Judgment Creditors, other monetary penalties deemed necessary to secure compliance, and/or issuance of an arrest warrant to ensure compliance.**

(*Id.* at 4 (emphasis in original)).

On October 29, 2020, the Court permitted Judgment Creditors to serve the October 15, 2020 Order on Drab by email. (*See* Docs. 121, 124). In addition to serving Drab with the October 15, 2020 Order, Counsel for Judgment Creditors

5

provided Drab with a summary of his obligations under the October 15, 2020 Order, copies of the discovery requests, and a copy of the subject Motion for Contempt and Sanctions. (Doc. 121-4 at 2-13).

Following this, on November 5, 2020, Drab made two entries in the docket. (*See* Docs. 124, 125). The first, titled Notice of Service, states that "[Drab] furnished the following to [Jason E. Goldstein]: (1) Answers to First Set of Post-Judgement [sic] Interrogatories; and, (2) Fact Information Sheet." (Doc. 125). The second, titled Response to Requests for Production, states that "[Drab] furnishes this his Response to Anthony Melikhov's First Set of Post-Judgement [sic] Requests for Production in Aid of Execution Against Ladislav Drab [filed February 19, 2019], and states as follows: . . . All documents responsive to this request, to the extent they exist, have already been provided." (Doc. 126 (emphasis omitted)).

Drab failed to comply with the October 15, 2020 Order requiring him to show cause in writing as to why a finding of contempt and order imposing sanctions should not be imposed against him. (*See* Doc. 118 at 3; *see also* Doc. 127 at 8).

In response to Drab's filings, on November 12, 2020, Judgment Creditors' counsel filed Judgment Creditors' Notice of Noncompliance by Judgment Debtor Ladislav Drab with Order to Show Cause (Doc. 118) advising the Court that Drab failed to comply with the October 15, 2020 Order. (Doc. 127). Indeed, Judgment Creditors showed that Drab's responses to discovery, which Judgment Creditor provided (Doc. 127-2 at 39-63, 153-156), were misleading, inadequate, and demonstrably false. (*See* Doc. 127 at 2, 4-8; *see also* Docs. 129, 129-1). Judgment

6

Creditors again requested that Drab be held in contempt, required to pay attorneys' fees, and subjected to a daily civil fine pending his compliance with the ordered discovery. (Doc. 127 at 9).

On November 16, 2020, the Court held the previously noticed show cause hearing. (Doc. 131). Drab appeared *pro se* and Judgment Creditors appeared through their counsel of record. (*Id.*). During the hearing, the Undersigned specifically told Drab that "the purpose of this hearing . . . is for you to show the Court good cause why sanctions, including a finding of contempt, should not be made against you." (Doc. 135 at 7). The Undersigned unequivocally warned Drab that continued failure to comply with this Court's discovery orders would result in the Undersigned recommending that Drab be found in contempt and have sanctions imposed against him. (*Id.* at 14). Drab explicitly stated that he understood. (*Id.*).

Immediately thereafter, the Court entered an order finding, as discussed at the hearing, that Drab had not complied with the Court's prior orders and requiring him to respond fully and accurately to Judgment Creditors' discovery requests. (*See* Doc. 133). Accordingly, the Court ordered Drab to respond to the Requests for Production, Interrogatories, and Fact Information Sheet, for the third time. (*See* Doc. 133 at 2; *see also* Docs. 99, 118). Additionally, the Court continued the show cause hearing to December 7, 2020 to confirm that Drab had complied with his discovery obligations. (*See* Docs. 99, 118, 133). Finally, Drab was expressly warned, for a third time, that:

7

> **[A]ny failure to comply with this Order or the Court's prior Orders (Docs. 99 and 118) may result in the Undersigned recommending that he be found in contempt and that sanctions be imposed against him, which sanctions may include (but not be limited to) an award of fees and costs to Judgment Creditors, other monetary penalties deemed necessary to secure compliance, and/or issuance of an arrest warrant to ensure compliance.**

(Doc. 133 at 3 (emphasis in original)).

On December 2, 2020, Drab filed a Certificate of Compliance stating that Drab had filed responses to the Requests for Production, answers to the Interrogatories, and a Fact Information Sheet. (Doc. 137).

In response to Drab's Certificate of Compliance, on December 4, 2020, Judgment Creditors' counsel filed Judgment Creditors' Notice of Noncompliance by Judgment Debtor Ladislav Drab with Order to Show Cause (Doc. 133). (Doc. 138). Judgment Creditors demonstrated that Drab's responses to discovery were, again, incomplete, misleading, and demonstrably false. (*See id.* at 3-7 (citing Docs. 138-1, 138-2)). Specifically, Judgment Creditors argued that Drab's response that he hasn't maintained a bank account for 17 years, (*id.* at 3 (citing Doc. 138-2 at 22, 59, 83)), is clearly untrue. (*Id.* at 4 (citing Doc. 138-2 at 100, 102-103, 107-108)). Additionally, Judgment Creditors alleged that Drab's claim that he has zero sources of income, (*id.* at 5-6 (citing Doc. 138-2 at 60, 86)), is likely false and he is "hiding his income by having it transferred by Rock&Land to various entities that he is affiliated with." (*Id.* at 6 (citing Doc. 127-2 at 142)). Moreover, Judgment Creditors demonstrated that Drab falsely claimed to have no ownership interest in a Harley Davidson

8

motorcycle. (*Id.* at 6-7 (citing Doc. 138-2 at 22, 60, 109-110)). Judgment Creditors established that: (1) Drab's responses to Requests for Production, which consisted of one email between the parties and a one page warranty deed for real property owned by Naples Energy, were wholly insufficient; (2) Drab's answers to Interrogatories were demonstrably false; and (3) Drab's Fact Information Sheet was completed with untrue responses and failed to contain the necessary productions. (*See id.*). Finally, Judgment Creditors noted that Drab did not actually provide them with his responses to the discovery until December 3, 2020, four days late. (*See id.* at 2-3; *see also* Doc. 133).

The Undersigned held the continued show cause hearing on December 7, 2020. (Doc. 140). Drab appeared *pro se* and Judgment Creditors appeared through their counsel of record. (*Id.*). During the hearing, counsel for Judgment Creditors reiterated their position within Judgment Creditors' December 4, 2020 Notice of Noncompliance. (*See* Doc. 142). Drab responded by denying several of the allegations and arguing that the bank accounts produced by Judgment Creditors were owned by his father, Ladislav Drab. (*Id.*). The Undersigned informed Drab that he would be afforded one final opportunity to respond in writing. (*Id.*).

Accordingly, on December 7, 2020, this Court ordered Drab to respond, in writing, to the subject Motion for Contempt and Sanctions (Doc. 114) and the December 4, 2020 Notice of Noncompliance (Doc. 138). (Doc. 141).

On December 21, 2020, Drab filed his response to the December 4, 2020 Notice of Noncompliance. (*See* Doc. 146). Drab began by arguing that his responses

9

to production were late because he attempted to send them to the Clerk of Court to have them filed on the docket, as opposed to sending the discovery directly to opposing counsel. (*Id.* at 1-2 (citing Docs. 146-1, 146-2)). Following this, he claimed that, "[d]ue to a significant misunderstanding and language barrier, [he] was not aware that the financial documents Plaintiff's [sic] counsel was requesting [sic] included accounts that aren't relevant to this lawsuit." (*Id.* at 2). Drab then claimed that he obtained bank account records from Wells Fargo and provided those records to Judgment Creditors' counsel. (*Id.*). He goes on to provide evidence that, "as of 18.12.2020, [sic] 11:47 am," he did not have a bank account at Raiffeisen Bank. (*Id.*). Drab reasserted his argument that he is not receiving any income and apologized for not realizing that the Harley Davidson motorcycle qualified as a motor vehicle. (*Id.* at 3). Finally, Drab cited to the difficulty he has had communicating in English and the impact that COVID-19 has had on his ability to earn income, hire a translator, and attain documents to comply with production. (*Id.*).

That same day, December 21, 2020, Drab filed Defendant's Response to Judgment Creditors' Motion for Contempt and Sanctions Against Defendant/Judgement [sic] Debtor Ladislav Drab (Doc. 114). (Doc. 147). First, in his response, Drab provided correspondence between himself and Anthony Melikhov. (*Id.* at 1-2 (citing Doc. 147-1)). Drab asserted that, evident from the email, Judgment Creditors would have challenged any discovery that he produced. (*Id.* (citing Doc. 147-1)). Second, Drab reiterated the difficulty he has

10

communicating in English and the impact that COVID-19 has had on his ability to earn income, hire a translator, and attain documents to comply with production. (*Id.* at 2 (citing Doc. 146 at 3)).

Throughout the course of these proceedings Judgment Creditors' counsel requested the payment of reasonable attorneys' fees and costs. (*See* Docs. 114 at 3, 127 at 8, 138 at 8). Judgment Creditors' counsel stated that their attorneys' fees were: (1) $2,953.50 for the preparation of the subject Motion for Contempt and Sanctions, with an additional, prospective $920.00, (*see* Docs. 114 at 3, 114-1 at 6); (2) $5,107 for the preparation of the November 12, 2020 Notice of Noncompliance, with an additional, prospective $920.00, (*see* Docs. 127 at 8, 127-1 at 3); and, (3) $4,726.50 for the preparation of the December 4, 2020 Notice of Noncompliance, with an additional, prospective $920.00, (*see* Docs. 138 at 8, 138-1 at 5-6).

## II. Analysis

Federal Rule of Civil Procedure 37(b)(2)(A) provides that "[i]f any party . . . fails to obey an order to provide or permit discovery, . . . the court where the action is pending may issue further just orders [that] include . . . treating as contempt of court the failure to obey any order." Moreover, it is well-established that "courts have inherent power to enforce compliance with their lawful orders through civil contempt." *Shillitani v. United States*, 384 U.S. 364, 370 (1966) (citing *United States v. United Mine Workers*, 330 U.S. 258, 330-32 (1947)); *see also Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991). Civil contempt is a sanction designed to enforce or coerce compliance with a court order "or to compensate for losses or damages sustained by

11

reason of noncompliance." *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191 (1949). Civil contempt sanctions are "avoidable through obedience, and thus may be imposed in an ordinary civil proceeding upon notice and an opportunity to be heard." *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 827 (1994). "The underlying concern giving rise to this contempt power is not merely the disruption of court proceedings but rather the disobedience to orders of the judiciary and abuse of the judicial process." *Provident Bank v. Hill*, No. 8:12-cv-01663-JDW-AEP, 2013 WL 3270412, at *3 (M.D. Fla. June 26, 2013) (citing *Chambers*, 501 U.S. at 44).

In circumstances where a party has disobeyed a court order, the opposing party generally moves "the court to order the [offending party] to show cause why he should not be held in contempt and sanctioned until he complies." *Mercer v. Mitchell*, 908 F.2d 763, 768 (11th Cir. 1990). "If the court finds that the conduct as alleged would violate the prior order, it enters an order requiring the defendant to show cause why he should not be held in contempt and conducts a hearing on the matter." *Id.* The party seeking contempt must show by clear and convincing evidence that the offending party violated the court's order. *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988) (citing *Northside Realty Assocs. v. United States*, 605 F.2d 1348, 1352 (5th Cir. 1979)). Once the moving party makes this prima facie showing, the burden shifts to the offending party to show (1) that he did not violate the court order or (2) that his noncompliance was excusable. *Id.*; *Mercer*, 908 F.2d at 768. To satisfy this burden, the offending party may not merely assert an inability to comply but must

show "that he has made 'in good faith all reasonable efforts to comply.'" *Roberts*, 858 F.2d at 701 (quoting *United States v. Rizzo*, 539 F.2d 458, 465 (5th Cir. 1976)).

Moreover, 28 U.S.C. § 636(e) provides in pertinent part:

> (e) Contempt authority.--
>
> (1) In general.--A United States magistrate judge serving under this chapter shall have within the territorial jurisdiction prescribed by the appointment of such magistrate judge the power to exercise contempt authority as set forth in this subsection.
> . . . .
> (6) Certification of other contempts to the district court.-- Upon the commission of any such act--
> . . . .
> (B) in any other case or proceeding under subsection (a) or (b) of this section, or any other statute, where--
> . . . .
> (iii) the act constitutes a civil contempt,
>
> the magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified. The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge.

Upon consideration, the Undersigned recommends that the Court grant the Motion for Contempt. As outlined above, it is clear that Judgment Debtor Ladislav Drab has repeatedly violated the Court's Orders and abused the judicial process.

Specifically, the Undersigned finds that Drab failed to comply with the Omnibus Order, (Doc. 99), which required Judgment Debtor Ladislav Drab to

13

respond to: (1) the Motion to Compel Defendant/Judgment Debtor Ladislav Drab to Respond to Requests for Production in Aid of Execution and Interrogatories in Aid of Execution and for Sanctions (Doc. 79-1); and, (2) the Consented to Motion to Require Defendant/Judgment Debtor Ladislav Drab to Complete Fla. R. Civ. P. Form 1.977 (Fact Information Sheet) (Doc. 81-1). (*See* Doc. 99).

Indeed, Judgment Creditors demonstrated that Drab failed to adequately respond to or comply with the post-judgment discovery properly served on him. *See* Fed. R. Civ. P. 33, 34, 37, 69; Fla. R. Civ. P. Form 1.977. Despite being given multiple opportunities to comply, Drab failed to provide complete and accurate responses or valid objections to Judgment Creditors' Requests for Production (*see* Doc. 138-2 at 83-88), Interrogatories (*see id.* at 59-62), and Fact Information Sheet (*see id.* at 19-22). (*See* Doc. 138 at 3-7). Drab habitually provides meager responses to discovery only after Judgment Creditors identify where his prior discovery responses were false and misleading. (*Compare* Doc. 138 *with* Doc. 146).

Moreover, Drab's argument that he has been confused about what is required of him due to a significant language barrier is without merit. (*See* Doc. 146, 147). During the November 16, 2020 show cause hearing, the Undersigned made it expressly clear that Drab needed to comply fully with the subject discovery requests and Drab responded by saying that he understood the situation. (Doc. 135 at 14). Additionally, the Court warned Drab, in writing, three times, that he would potentially be subjected to sanctions if he did not comply with the Court's orders compelling discovery. (*See* Docs. 99 at 5-6, 118 at 4, 133 at 3). Similarly, Drab's

argument that COVID-19 has prevented him from obtaining discovery is inadequate. (*See* Docs. 146, 147). A majority of records that Judgment Creditors request appear to be of an electronic nature and, therefore, accessible even in the midst of a pandemic.

### III.   Conclusion

In light of Drab's repeated pattern of willfully disregarding this Court's orders and his duties in the judicial process, the Undersigned concludes that Drab is in continuous violation of this Court's orders. Because Drab has failed to provide complete and accurate responses or valid objections to post-judgment discovery requests, the Undersigned recommends that the presiding United States District Judge hold a hearing pursuant to 28 U.S.C. § 636(e) and order Judgment Debtor Ladislav Drab to show cause why the Court should not issue a warrant for his arrest until such time as he fully complies with the discovery requests by: (1) producing all documents responsive to the Requests for Production (Doc. 79-1); (2) truthfully and completely answering all Interrogatories (*id.*); and (3) truthfully and fully completing the Fla. R. Civ. P. Form 1.977 Fact Information Sheet. (Doc. 81-1). The Undersigned further recommends that the Court order Judgment Debtor Ladislav Drab to show cause why a daily fine of $250 per day should not be assessed against him until such time as he fully complies with the post-judgment discovery.

Finally, the Undersigned recommends awarding Judgment Creditors' sanctions in the form of attorneys' fees. Due to the prospective nature of several of the fees requested by Judgment Creditors, however, the Undersigned recommends

15

withholding a final determination of the fee amount pending counsel's submission of supplemental material detailing the exact costs associated with: (1) the subject Motion for Contempt and Sanctions; (2) the November 12, 2020 Notice of Noncompliance; (3) the November 16, 2020 show cause hearing; (4) the December 4, 2020 Notice of Noncompliance; and, (5) the December 7, 2020 show cause hearing. (*See* Docs. 114, 127, 131, 138, 140).

Accordingly, it is **RESPECTFULLY RECOMMENDED**:

1. That the presiding District Judge **GRANT** Plaintiffs/Judgment Creditors' Motion for Contempt and Sanctions Against Defendant/Judgment Debtor Ladislav Drab (Doc. 114) to the extent the presiding District Judge should enter an order setting a telephonic or video-conference show cause hearing pursuant to 28 U.S.C. § 636(e) so that Judgment Debtor Ladislav Drab may show cause why the Court should not issue a warrant for his arrest and why the Court should not impose a fine of $250 per day against him to obtain compliance;

2. That Judgment Debtor Ladislav Drab be required to pay the attorneys' fees and costs of Judgment Creditors' counsel associated with the: (1) subject Motion for Contempt and Sanctions; (2) November 12, 2020 Notice of Noncompliance; (3) November 16, 2020 show cause hearing; (4) December 4, 2020 Notice of Noncompliance; and, (5) December 7, 2020 show cause hearing.

16

**RESPECTFULLY RECOMMENDED** in Chambers in Ft. Myers, Florida on January 19, 2021.

Mac R. McCoy
United States Magistrate Judge

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:

Counsel of Record
Unrepresented Parties

17