UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANTHONY MELIKHOV an individual;
MELMAR HOLDINGS, LLC, an Illinois
limited liability company; and U4G GROUP,
LLC, an Illinois limited liability company,

       Plaintiffs,

v.

Case No. 2:19-cv-248-JLB-MRM

LADISLAV DRAB, an individual; CE
GROUP, a foreign entity; ČESKÁ ENERGIE
A.S., a foreign entity, and ČESKÁ
PLYNÁRENSKÁ A.S., a foreign entity,

       Defendants,

and

NAPLES ENERGY, LLC, a Florida limited
liability company,

       Third-Party Defendant.
_____/

## ORDER

Plaintiffs and Judgment Creditors Anthony Melikhov, Melmar Holdings, LLC n/k/a Natan Holdings, LLC, and U4G Group, LLC moved for confirmation of the judicial sale of real property located at 7417 Treeline Drive, Naples, Florida 34119. (Docs. 194, 195.) The motion was granted, and the judicial sale of the property was confirmed. (Doc. 198.) Defendant and Judgment Debtor Ladislav Drab now moves to set aside the sale of the property. (Doc. 201.) After careful review, the motion is **DENIED**.

## BACKGROUND

In 2018, a foreign judgment from the U.S. District Court for the Northern District of Illinois in favor of the judgment creditors was registered in this Court. (Doc. 1.)  In April 2021, the judgment creditors and Mr. Drab, Hana Drabova, and Third-Party Defendant Naples Energy, LLC entered into a forbearance agreement in which the judgment creditors agreed to forbear from taking further action if Mr. Drab paid them $5 million by June 15, 2021.  (Docs. 202-8 at 2, ¶ 2; Doc. 201-1.) The parties also stipulated to the transfer of the Treeline Drive property to Natan Holdings, LLC.  (Docs. 176, 177.)

Mr. Drab did not pay the money, and the judgment creditors moved for an order authorizing a levy on the Treeline Drive property.  (Doc. 189.)  That motion was unopposed and granted, the property was sold, and the sale was confirmed. (Docs. 191, 198.)  Mr. Drab now moves to set aside the property sale.  (Doc. 201.)

In support, Mr. Drab asserts that "on multiple occasions the parties discussed moving forward with different business opportunities as has been their practice over many years, with the understanding the debt was forgiven and no longer owed," that Mr. Melikhov "acknowledged that the debt was no longer owed by Defendant[s] and the parties would move forward with new business opportunities," and that Mr. Melikhov "made many representations to [Mr. Drab] that he would not levy on the Treeline home."  (Doc. 201 at 1–2.)  Notably, he also asserts that "[a]n agreement was entered between the parties acknowledging that the judgment was settled and no monies were owed," and attaches a settlement agreement

purportedly signed by Mr. Melikhov.  (Id. at 2; Doc. 201-3.)  Mr. Drab concludes that "[t]he acts of [Mr. Melikhov] are contrary to discussions and agreements between the parties," and that he has "acted in bad faith."  (Doc. 201 at 2.)  The judgment creditors have responded in opposition, contending that the motion is untimely and unpersuasive.  (Doc. 202.)  Further, Mr. Melikhov denies that he signed the settlement agreement.  (Doc. 202-8 at 6, ¶ 12.)

## LEGAL STANDARD

Mr. Drab does not identify any authority entitling him to relief.  Federal Rule of Civil Procedure 60(b) provides relief from an order in the following circumstances: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time; (3) fraud, misrepresentation, or other misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged, or is based on an earlier judgment that has been reversed or vacated; or (6) any other reason that justifies relief.  Fed. R. Civ. P. 60(b).  Relief under Rule 60(b)(6) "is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances."  Griffin v. Swim-Tech Corp., 722 F.2d 677, 680 (11th Cir. 1984).

## DISCUSSION

Setting aside the property sale, as Mr. Drab requests, is unwarranted.  First, Mr. Drab does not identify any authority entitling him to relief.[1]  To the extent his

---

[1] Mr. Drab's failure to support his request with legal authority is contrary to the Local Rules and warrants denial of the motion.  See Local Rule 3.01(a).

3

request is construed as being raised under Federal Rule of Civil Procedure 60(b), he does not specify the basis for any relief. To the extent he contends that the property sale was contrary to representations by Mr. Melikhov and written agreements purportedly executed by the parties, Mr. Drab does not explain why he was unable to previously raise these arguments, including when the judgment creditors moved for an order authorizing a levy on the property or moved to confirm the judicial sale.

Indeed, "Rule 60(b) was never intended to permit parties to relitigate the merits of claims or defenses, or to raise new claims or defenses that could have been asserted during the litigation of the case." Gonzalez v. Sec'y for Dep't of Corr., 366 F.3d 1253, 1291–92 (11th Cir. 2004) (Tjoflat, J., concurring). Mr. Drab identifies no mistake, inadvertence, surprise, or excusable neglect that would justify setting aside the order. Fed. R. Civ. P. 60(b)(1). Nor has he shown that Mr. Melikhov's purported representations or any written agreements constitute "newly discovered evidence that, with reasonable diligence, could not have been discovered in time." Fed. R. Civ. P. 60(b)(2).

Next, to prevail on a Rule 60(b)(3) motion, a movant must "prove[] by clear and convincing evidence that an adverse party has obtained the verdict through fraud, misrepresentation, or other misconduct," and show that "the conduct prevented the losing party from fully and fairly presenting his case or defense." Cox Nuclear Pharmacy, Inc. v. CTI, Inc., 478 F.3d 1303, 1314 (11th Cir. 2007). Mr. Drab has failed to make such a showing.

First, he has not shown by clear and convincing evidence that the judgment creditors obtained a property sale through fraud, misrepresentation, or other misconduct. Mr. Drab's unsupported assertions do not support such a finding. For example, he does not explain how any representations by Mr. Melikhov that he would not seek payment on the judgment support a finding of fraud, misrepresentation, or misconduct. Similarly, as the judgment creditors observe, the "Loan and Security Agreement" between "Rock & Land Invest SE" and Natan Holdings, LLC does not mention the judgment or the judgment creditors' execution against the property, and was evidently invalidated and the described transactions did not occur. (Doc. 202 at 9; Doc. 201-2 at 9–10.) In all events, the Treeline property was held in the name of Naples Energy which, pursuant to the forbearance agreement, stipulated to the transfer of the property to the judgment creditors <u>before</u> the sale. (Doc. 179.)

Mr. Drab's reliance on the alleged settlement agreement, which purports to discharge all "financial or other requirement[s]" as to Mr. Drab and Naples Energy, is also unavailing. (Doc. 201-3 at 1–2.) Confusingly, that agreement between Mr. Drab, Naples Energy, and Natan Holdings was purportedly executed on August 20, 2021, after the stipulation of transfer of property and the order authorizing a levy on the property but prior to the sale and confirmation of sale. (Docs. 176, 191, 194, 198.) Accordingly, the effect of any agreement on the validity of the sale is unclear, and Mr. Drab fails to explain the significance of the agreement.

5

Further, there appears to be a factual dispute as to whether Mr. Melikhov signed the agreement, and the evidence supports a finding that he did not. Indeed, the evidence demonstrates that Mr. Melikhov conveyed his refusal to sign the "backdated" settlement agreement to Mr. Drab by email, and that Mr. Drab again emailed the settlement agreement to Mr. Melikhov with "TERMINATED" written on the last page. (Doc. 202-8 at 5–6, ¶¶ 9–12; 202-15; 202-16; 202-17.) Apart from his unsupported assertion and a copy of the agreement, Mr. Drab sets forth no evidence demonstrating that Mr. Melikhov signed the agreement, and he has failed to establish fraud, misrepresentation, or other misconduct by clear and convincing evidence.[2]

In all events, Mr. Drab has failed to show that any settlement agreement—or the judgment creditors proceeding with the judicial sale despite the execution of a settlement agreement—prevented him from "fully and fairly presenting" his case or defense. See Cox Nuclear Pharmacy, Inc., 478 F.3d at 1314. For example, he could have raised the issue of the settlement agreement when the judgment creditors moved to confirm the judicial sale. See, e.g., Circuitronix, LLC v. Shenzhen Kinwong Elec. Co., No. 17-22462-CIV, 2020 WL 8459195, at *3–7 (S.D. Fla. Aug. 14, 2020), adopted, 2020 WL 7767546 (S.D. Fla. Dec. 30, 2020) (denying Rule 60(b)(3) motion where movant had opportunity to litigate issue regarding assignment).

---

[2] Because the Court is able to resolve Mr. Drab's motion based on the record, an evidentiary hearing on this matter is unnecessary. In all events, because there are independent bases to deny the unsupported motion, it is unnecessary to conclusively determine whether Mr. Melikhov's signature was forged.

6

Lastly, in consideration of the above discussion, the record, and the circumstances of this case, it is clear that Mr. Drab has failed to establish that the judgment is void, has been satisfied, released or discharged, or that he is entitled to "extraordinary" relief under Rule 60(b)(6). See Griffin, 722 F.2d at 680. In summary, Mr. Drab has not shown that setting aside the judicial sale of property is appropriate.

## CONCLUSION

Accordingly, Mr. Drab's Motion to Set Aside Sale of Treeline Property (Doc. 201) is **DENIED**.

**ORDERED** in Fort Myers, Florida, on January 31, 2022.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE